1  PHILLIP A. TALBERT
   United States Attorney
2  LAUREL J. MONTOYA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          CASE NO. 1:19-CR-00002-DAD-BAM

12                     Plaintiff,       STIPULATION REGARDING EXCLUDABLE
                                        TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                        AND ORDER

14  JOSE VILLAGRANA,                    DATE: April 27, 2022
                                        TIME: 1:00 p.m.
15                     Defendants.      COURT: Hon. Barbara A. McAuliffe

16

17        On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

18  Eastern District of California until further notice. This General Order was entered to address public

19  health concerns related to COVID-19. Further, pursuant to General Order 614, 620, 624, 628, and 630

20  and the CARES Act, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the

21  Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this

22  Court has allowed district judges to continue all criminal matters to a date after May 1, 2020.[1]

23        Although the General Order addresses the district-wide health concern, the Supreme Court has

24  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

25  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

26  *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

27
   _____

28  [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME            1
   PERIODS UNDER SPEEDY TRIAL ACT

1    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

2    at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

3    judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

4    orally or in writing").

5         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

6    and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial

7    emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

8    judge granted such continuance on the basis of his findings that the ends of justice served by taking such

9    action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

10   3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

11   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

12   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

13        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

14   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

15   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

16   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

17   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

18   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

19   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

20   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

21   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

22   by the statutory rules.

23        In light of the societal context created by the foregoing, this Court should consider the following

24   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

25   justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

26

27        [2] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
28   Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    2
PERIODS UNDER SPEEDY TRIAL ACT

1   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2   pretrial continuance must be "specifically limited in time").

3   **STIPULATION**

4   Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5   through defendant's counsel of record, hereby stipulate as follows:

6   1.      By previous order, this matter was set for status on April 27, 2022.

7   2.      By this stipulation, the government and defendants now move to continue the status

8   conference until July 13, 2022, and to exclude time between April 27, 2022, and July 13, 2022, under

9   Local Code T4.

10  3.      The parties agree and stipulate, and request that the Court find the following:

11      a)      The government has represented that the discovery associated with this case

12      includes investigative reports and photographs.  All of this discovery has been either produced

13      directly to counsel and/or made available for inspection and copying..  Defense counsel has

14      requested additional discovery that the government needs to look in to and additional time is

15      needed.

16      b)      A plea agreement has been provided to the defense.  Revisions were made after

17      negotiations between the parties.

18      c)      Defendant Villagrana was arrested on new charges and is currently in custody in

19      Placer County.  The parties are looking into whether a global resolution can be accomplished and

20      additional time is needed to make that determination.

21      d)      Counsel for defendant desires additional time to review discovery, conduct

22      investigation, review the revised plea agreement with his client and engage in any further plea

23      negotiations if warranted.

24      e)      Counsel for defendant believes that failure to grant the above-requested

25      continuance would deny him/her the reasonable time necessary for effective preparation, taking

26      into account the exercise of due diligence.

27      f)      The government agrees with the continuance request and does not object to the

28      continuance.

1        g)     Based on the above-stated findings, the ends of justice served by continuing the

2   case as requested outweigh the interest of the public and the defendant in a trial within the

3   original date prescribed by the Speedy Trial Act.

4        h)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

5   et seq., within which trial must commence, the time period of April 27, 2022 to July 13, 2022,

6   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

7   because it results from a continuance granted by the Court at defendant's request on the basis of

8   the Court's finding that the ends of justice served by taking such action outweigh the best interest

9   of the public and the defendant in a speedy trial.

10        4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

11   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12   must commence.

13        IT IS SO STIPULATED.

14   Dated:  April 20, 2022            PHILLIP A. TALBERT
           United States Attorney

15

16              /s/ LAUREL J. MONTOYA
           LAUREL J. MONTOYA

17              Assistant United States Attorney

18   Dated:  April 20, 2022            /s/ JEREMY DOBBINS

19              JEREMY DOBBINS
           Counsel for Defendant

20              JOSE VILLAGRANA

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

## **ORDER**

Based upon the new arrest of Defendant and to give the parties time to evaluate a global resolution, IT IS SO ORDERED that the status conference is continued from April 27, 2022, to **July 13, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **April 21, 2022**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT