PHILLIP A. TALBERT
United States Attorney
LAUREL J. MONTOYA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOSE VILLAGRANA,<br><br>                    Defendants. | CASE NO.  1:19-CR-00002-ADA-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: September 28, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

General Order 618 was entered to address public health concerns related to COVID-19.  Further, pursuant to General Order 614, 620, 624, 628, and 630 and the CARES Act, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2020.[1]

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   pretrial continuance must be "specifically limited in time").

2                                    **STIPULATION**

3          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

4   through defendant's counsel of record, hereby stipulate as follows:

5          1.      By previous order, this matter was set for status on September 28, 2022.

6          2.      By this stipulation, the government and defendant now move to continue the status

7   conference until October 26, 2022, and to exclude time between September 28, 2022, and October 26,

8   2022, under Local Code T4.

9          3.      The parties agree and stipulate, and request that the Court find the following:

10                 a)      The government has represented that the discovery associated with this case

11         includes investigative reports and photographs.  All of this discovery has been either produced

12         directly to counsel and/or made available for inspection and copying..  Defense counsel has

13         requested additional discovery that the government needs to look in to and additional time is

14         needed.

15                 b)      A plea agreement has been provided to the defense.  Revisions were made after

16         negotiations between the parties.

17                 c)      Defendant Villagrana was arrested on new charges and is currently in custody in

18         Placer County.  Information was obtained recently that defendant has entered a plea to the

19         charges pending in Placer County and he has been sentenced.  He is currently serving the

20         sentencing imposed in his state matter.  Defendant is not in federal custody however a federal

21         hold is in place should he be released from state custody.

22                 d)      Government wishes time to prepare a writ ad prosequendum in order to have

23         defendant transported to the Eastern District of California Fresno Division so his federal matter

24         may re-commence.

25                 e)      Counsel for defendant desires additional time to review discovery, conduct

26         investigation, review the revised plea agreement with his client and engage in any further plea

27         negotiations if warranted.

28                 f)      The government joins in the request to continue the matter so defendant can be

STIPULATION REGARDING EXCLUDABLE TIME              3
PERIODS UNDER SPEEDY TRIAL ACT

remanded to Federal custody as he is a state prisoner at this point.

g)     Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

h)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 28, 2022 to October 26, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  September 25, 2022                    PHILLIP A. TALBERT
                                             United States Attorney

                                             /s/ LAUREL J. MONTOYA
                                             LAUREL J. MONTOYA
                                             Assistant United States Attorney

Dated:  September 25, 2022                    /s/ JEREMY DOBBINS
                                             JEREMY DOBBINS
                                             Counsel for Defendant
                                             JOSE VILLAGRANA

**[Remainder of this page intentionally left blank.]**

**ORDER**

IT IS SO ORDERED that the status conference is continued from September 28, 2022, to **October 26, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **September 26, 2022**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE